UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IVAN G. McKINNEY,

    Plaintiff,

v.

GARY LANIGAN et al.,

    Defendants.

Civ. No. 18-309 (FLW) (LHG)

**MEMORANDUM OPINION**

**<u>FREDA L. WOLFSON, U.S.D.J.</u>**

    Plaintiff, Ivan G. McKinney ("McKinney"), a state prisoner, filed *pro se* with the Court a Complaint alleging claims under 42 U.S.C. § 1983. (ECF No. 1.) A Complaint must generally include either a $400.00 fee (a $350.00 filing fee plus a $50.00 administrative fee) or an application to proceed *in forma pauperis*. 28 U.S.C. §§ 1914(a), 1915(a).

    McKinney's Complaint did not include either the $400.00 fee or a proper application to proceed *in forma pauperis*.[1] Therefore, the application will be denied without prejudice.

---

[1] A prisoner who seeks to proceed *in forma pauperis* must submit an affidavit, including a statement of all assets, stating that the prisoner is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *See id*.
    Even if a prisoner is granted *in forma pauperis* status, he must pay the full amount of the filing fee of $350.00. *See* 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. *See id.* § 1915(b)(2). The deductions will continue until the $350.00 filing fee is paid.
    Even if the necessary fees are paid and the complaint is accepted for filing, the Court may nevertheless immediately dismiss the case. The Court must review the complaint and dismiss it if it finds that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B); *see also id.* § 1915A(b).

Accordingly, the Clerk of the Court will be ordered to administratively close the case. McKinney may reopen this action, however, by either paying the filing fee or submitting a complete *in forma pauperis* application.

Additionally, as the matter is being administratively terminated, McKinney's pending motion for the appointment of *pro bono* counsel, (ECF No. 2), is moot and is denied without prejudice.

DATED: April 5, 2018

*s/Freda L. Wolfson*
FREDA L. WOLFSON
United States District Judge

---

If the plaintiff has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See id.* § 1915(g).